**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MCWILLIAMS BALLARD, INC.<br>123 N. Alfred Street<br>Suite 200<br>Alexandria, Virginia 22314<br><br>*Plaintiff*<br><br>v.<br><br>1128 TENTH STREET NW, LLC<br>6809 Wisconsin Avenue<br>Chevy Chase, Maryland 20815<br><br>SERVE:<br>Amir Farazad<br>Registered Agent<br>3327 M Street, N.W.<br>Washington, D.C. 20007<br>Email: ahfarazad@gmail.com<br><br>*Defendant*. | Case No. ______________________<br>**COMPLAINT** |

Plaintiff McWilliams Ballard, Inc. files this Complaint against Defendant 1128 Tenth Street NW, LLC and alleges the following:

**PARTIES**

1. Plaintiff McWilliams Ballard, Inc. ("MB") is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business located at 123 N. Alfred Street, Suite 200, Alexandria, Virginia 22314.

2. Defendant 1128 Tenth Street NW, LLC ("1128 Tenth Street" or "Defendant") is a limited liability company organized under the laws of the District of Columbia, with its principal place of business located at 6809 Wisconsin Avenue, Chevy Chase, Maryland 20815. 1128 Tenth

Street's registered agent—Amir Farazad—is located in the District of Columbia at 3327 M Street, N.W., Washington, D.C. 20007.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the dispute is between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and attorneys' fees.

4. This Court has personal jurisdiction over the Defendant because (a) the Defendant is a District of Columbia limited liability company and is therefore at home in the District; and (b) this action arises from, or otherwise relates to, Defendant's business activities in the District of Columbia and from property located in the District that is owned, managed, and/or operated by the Defendant.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(b)(2) because (a) the Defendant resides in this District, (b) a substantial part of the events or omissions giving rise to MB's claim occurred in this District, and/or (c) the property that is the subject of this action is in the District.

**FACTS**

6. On October 24, 2023, MB entered into a Marketing and Listing Agreement ("Agreement") with the Defendant. A true and correct copy of the Agreement is attached hereto as **Exhibit 1** and is incorporated by reference.

7. The Agreement required MB to market and sell up to ten condominium units at the "Verna," a real estate development located at 1128 Tenth Street, N.W. in the Logan Circle area of the District of Columbia (the "Development"). Section 4(f) of the Agreement required the

Defendant to pay for marketing costs and expenses related to the Development as well as for services related to the Development.

8. Section 6 of the Agreement required the Defendant to pay a termination fee if the Defendant "terminate[s] th[e] Agreement or [if the] Agreement expire[d] prior to [MB] receiving [c]ommissions in an amount equal to the product of three thousand ($3,000) dollars and the number of months that this Agreement was in effect . . . ." (the "Termination Fee"). The Termination Fee would equal $3,000 per month for the number of months that the Agreement was in effect. The Agreement was in effect for twenty-four months.

9. Pursuant to the Agreement, MB provided the Defendant marketing services for the Development and incurred costs and expenses in connection with the Development. Services, costs, and expenses totaled $12,874.37 (the "Marketing Fees"). Defendant, however, refused to pay the Marketing Fees.

10. In addition, the Defendant terminated the Agreement at a time that triggered application of the Termination Fee, which totaled $72,000. The Defendant refused to pay that fee as well.

11. In December 2025 and several times thereafter, MB sought an amicable resolution of the dispute and requested payment of the Marketing Fees and the Termination Fee. MB also provided the Defendant a summary invoice as well as the individual invoices that were sent in the ordinary course of business beginning in January 2025. Despite MB's efforts, the Defendant refused to cure its material breach of the Agreement by paying the due and owing amounts under the Agreement.

12. On July 30, 2026, MB once again sought an amicable resolution of the dispute through a demand letter. However, the Defendant refused to honor its contractual payment obligations to MB.

**CLAIM FOR RELIEF**
**Breach of Contract**

13. MB incorporates paragraphs 1-12 of this complaint as if fully set forth herein.

14. MB and the Defendant mutually agreed to enter into the Agreement on October 24, 2023.

15. MB complied with all of its obligations in the Agreement, and Defendant has acknowledged this orally and in writing.

16. The Defendant materially breached the Agreement by refusing to pay the Marketing Fees and the Termination Fee.

17. As a proximate result of the Defendant's material breach, MB has been damaged in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MB demands that it has judgment as follows:

1. Against the Defendant on Count 1;
2. Against the Defendant for all damages proximately caused by its breach of the Agreement;
3. Against the Defendant for all costs of court;
4. Against the Defendant for all reasonable attorney's fees and costs that MB has incurred to enforce its rights under the Agreement (as allowed under Section 10), including, but not limited to, the filing of this Complaint and prosecuting this action through trial and appeal;

5. Against the Defendant for pre- and post-judgment interest; and,

6. Against the Defendant for all other and further relief, both at law and in equity, to which MB may show itself justly entitled.

**DEMAND FOR JURY TRIAL**

Plaintiff MB demands a jury trial on all issues so triable.

Dated: October 8, 2026

Respectfully submitted,

*/s/ Ugo Colella*
Ugo Colella (D.C. Bar No. 17443)
**COLELLA ZEFUTIE LLC**
1300 I Street, N.W.
Suite 400E
Washington, D.C. 20005
Phone: (202) 920-0880
Fax: (202) 920-0894
Email: ucolella@czlaw.com

*Counsel for Plaintiff*
*McWilliams Ballard, Inc.*